*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0109

Gail Kern,
Relator,

vs.

Minneapolis Institute of Arts,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed October 19, 2015**
**Affirmed**
**Peterson, Judge**

Department of Employment and Economic Development
File No. 32796805-3

Christy L. Hall, Lisa C. Stratton, Gender Justice, St. Paul, Minnesota (for relator)

Howard B. Tarkow, Maslon LLP, Minneapolis, Minnesota (for respondent Minneapolis Institute of Arts)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

        Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Smith, Judge.

**PETERSON**, Judge

This appeal challenges a determination by an unemployment-law judge (ULJ) that because a back-pay award that relator received was not deducted from her unemployment benefits, relator was overpaid benefits. Relator argues that the ULJ erred by applying the back pay to the weeks following relator's separation from employment despite finding that the back pay was intended to compensate relator for a demotion that occurred two years before her separation. We affirm.

**FACTS**

Relator Gail Kern worked in the security department for respondent Minneapolis Institute of Arts (MIA) from August 2004 until July 1, 2014. After being demoted in 2012, Kern filed a sex-discrimination complaint against the MIA with the Minnesota Department of Human rights, requesting reinstatement to her previous position and back pay.

Kern made a settlement offer to the MIA that included back pay for the period from her demotion in July 2012 until May 1, 2014, the proposed employment-separation date, and front pay for 12 months following the separation date. Kern and the MIA entered into a settlement agreement and release, under which the employment-separation date was July 1, 2014. The agreement provided for a $6,000 payment to Kern "to extinguish any liability whatsoever that the MIA has or allegedly has for claimed lost

wages." The agreement provided for payment of the $6,000 within 108 days following execution of the settlement agreement and release.[1]

Respondent Minnesota Department of Employment and Economic Development (DEED) determined that the $6,000 payment was deductible from unemployment benefits. Relator appealed, and a ULJ determined that the $6,000 payment was deductible and applied it to the period immediately following the termination of relator's employment. Relator requested reconsideration, and the ULJ affirmed the initial decision. This certiorari appeal followed.

## D E C I S I O N

We may reverse or modify the ULJ's decision if the petitioner's substantial rights may have been prejudiced because the findings, inferences, conclusion, or decision are based on unlawful procedure, not supported by substantial record evidence, or affected by an error of law. Minn. Stat. § 268.105, subd. 7(d)(3)-(5) (2014). We review factual findings in the light most favorable to the ULJ's decision and will not disturb those findings if the record substantially sustains them. *Peterson v. Nw. Airlines, Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008). But statutory interpretation is a question of law, which we review de novo. *Irvine v. St. John's Lutheran Church*, 779 N.W.2d 101, 103 (Minn. App. 2010). And "[w]e review de novo a ULJ's determination that an applicant is ineligible for unemployment benefits." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 30 (Minn. App. 2012).

---

[1] The payment could be delayed by a few days if the payment date fell on a weekend or holiday. The agreement permitted a payment to be made on the next business day following a payment date.

3

Minn. Stat. § 268.085, subd. 6 (2014), states, in part:

> (a) Back pay received by an applicant within 24 months of the establishment of the benefit account with respect to any week must be deducted from unemployment benefits paid for that week, and the applicant is considered to have been overpaid the unemployment benefits under section 268.18, subdivision 1.
>
> If the back pay is not paid with respect to a specific period, the back pay must be applied to the period immediately following the last day of employment.
>
> . . . .
>
> (d) This subdivision applies to payments labeled front pay, settlement pay, and other terms describing or dealing with wage loss.

"'Back pay' means a payment by an employer to an employee or former employee for lost wages." Minn. Stat. § 268.035, subd. 3 (2014). "Where the legislature's intent is clearly discernable from plain and unambiguous language, statutory construction is neither necessary nor permitted and [an appellate court] appl[ies] the statute's plain meaning." *Hans Hagen Homes, Inc. v. City of Minnetrista*, 728 N.W.2d 536, 539 (Minn. 2007).

The ULJ found: "It is clear that the $6,000 payment, titled 'wages' in the settlement agreement, is back pay. The purpose of the payment was to provide Kern a payment for wages she lost as a result of her demotion, which she alleged was the result of sex discrimination." Relator argues that the finding that the back pay was to compensate her for wages lost as a result of the demotion is inconsistent with the deduction of the payment from unemployment benefits because the loss of wages

4

resulting from the demotion occurred during her employment and not when she was collecting unemployment. But relator sought damages for lost wages for both the period before the termination of her employment and the period after the termination of her employment, and the settlement agreement does not state that the $6,000 payment is "paid with respect to a specific period." Instead, the agreement expressly states that the payment is "to extinguish any liability whatsoever . . . for claimed lost wages," which means that it was not paid for a liability for a specific period. Applying the plain language of Minn. Stat. § 268.035, subd. 3, and Minn. Stat. § 268.085, subd. 6(a), (d), the ULJ correctly determined that the $6,000 was back pay and applied it to the period immediately following the termination of relator's employment.

The allocation of the payment is governed by Minn. Stat. § 268.085, subd. 3(d)(2) (2014), which states: "This subdivision applies to all the weeks of payment. The number of weeks of payment is determined as follows: . . . if the payment is made in a lump sum, that sum is divided by the applicant's last level of regular weekly pay from the employer." DEED asserts that the ULJ made a slight error in the allocation but does not seek relief from the error on appeal.

**Affirmed.**